IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
"IN ADMIRALTY"

CASE NO:

M&T Bank as Successor in
Interest to Provident Bank of Maryland

       Plaintiff,

vs.

M/V CHANGE OF LATITUDE, ex MAKIN WAY,
US Official Number: 1120699, Marshall Islands
Registry No: 70843, her engines, tackle,
boats, gear, appurtenances etc., *in rem*, and
OIA LLC and Stephen F White, EVERGREEN
MARINE LTD, Gordon Gudeit and Colene Gudeit
*in personam,*

       Defendants.

_____/

## VERIFIED COMPLAINT IN ADMIRALTY

1.    This a case within this Court's Admiralty and Maritime Jurisdiction, Federal Question

Jurisdiction and Supplemental Jurisdiction as hereinafter more fully appears, and is an Admiralty

and Maritime claim to foreclose on a preferred ship's mortgage, promissory note and security

agreement on the M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY, United States Official

Number:1120699, Marshall Islands Registry No: 70843, and her engines, tackle, boats, gear,

appurtenances etc., *in rem* pursuant to 46 U.S.C. §§ 31301-35 and General Maritime Law and all

actions are within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

1

2.      This is also an action for fraud/misrepresentation and conversion against OIA LLC and Stephen F. White, who sold the defendant vessel and allegedly converted the purchase funds and failed to satisfy the Preferred Ship's Mortgage held by M&T Bank, and this Court has jurisdiction over these matters pursuant to its supplemental jurisdiction as the actions arose out of the same case or controversy as the Mortgage action.

3.      This is also an action for Civil Conspiracy and replevin vs. Defendants Evergreen Marine Ltd, Gordon Gudeit and Colene Gudeit and this Court has jurisdiction over these matters pursuant to its supplemental jurisdiction as the actions arose out the repossession and title/ownership and right of possession of the defendant vessel and occurred within this district.

4.      This honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1333, 46 U.S.C. §§ 31301-35, and Rule C of the Supplemental Rules for Admiralty and Maritime Claims, the general maritime law and the Court's Supplemental Jurisdiction.

5.      Venue is proper in this district as the vessel is located in Broward County Florida and all defendants reside, own or rent property, operate vessels or do business in Broward County and the conduct by the defendants occurred within this district.

## THE PARTIES

6.      Plaintiff M&T Bank is a bank domiciled in New York and which merged with Provident Bank of Maryland in May of 2009, and is the current holder in due course of the Promissory Note Mortgage and Security Agreement attached to the M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY. Exhibit A.

2

7.      The defendant vessel, M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY, United States Official Number: 1120699, Marshall Islands Registry No: 70843 is a 60-foot Ocean Alexander motor yacht built in 2001-2 and purchased by OIA LLC with a hull number of OAX60202H102.

8.      Defendant OIA LLC is a Rhode Island sole member Limited Liability Company that was apparently dissolved in 2013 and whose sole member is believed to be Stephen White, which purchased the defendant vessel and executed a preferred ships mortgage, security agreement and promissory note in favor of Provident Bank of Maryland. See Exhibit A.

9.      Defendant Stephen F. White, upon information and belief was and is the sole member of an entity known as OIA LLC which has a last known address of 3852 Main Road, Tiverton Rhode Island and owns or operates vessels in Broward County, Florida.

10.     Defendant Evergreen Marine Ltd. is believed to be a Marshall Islands entity and is the current owner of the vessel.

11.     Defendant Gordon Gudeit is believed to be a beneficial owner of the M/Y CHANGE OF LATITUDE and is believed to be a member/shareholder/owner of Evergreen Marine Ltd.

12.     Defendant Colene Gudeit Defendant Gordon Gudeit is believed to be a beneficial owner of the M/Y CHANGE OF LATITUDE and is believed to be a member/shareholder/owner of Evergreen Marine Ltd.

13.     Personal jurisdiction is proper over the *in personam* defendants as the wrongful acts and breach of contracts occurred in this District, the parties purposely avail themselves to this District by operating vessels within this District, insuring vessels within this District, buying and selling vessels in this District and deriving income within this District.

3

14.     Venue is proper in this forum as the defendants reside and/or do business in the state, purposely avail themselves to the forum, and the case or controversy arose in the forum, and the mortgage contracts were breached in the forum.

15.     Upon information and belief, the M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY her engines, tackle, boats, appurtenances etc., is now or during the pendency of this action will be within this District, in Florida.

16.     Plaintiffs have performed all conditions precedent prior to filing this action.

## COUNT I: BREACH OF FIRST PREFERRED SHIPS MORTGAGE *IN REM*

Plaintiff M&T Bank realleges and reaffirms paragraphs 1-16 above and further alleges:

17.     This is an action for breach of contract and foreclosure of a Promissory Note Security Agreement and Preferred Ship's Mortgage (Exhibit A) in favor of Mortgagee Provident Bank of Maryland which indebtedness is now held by M&T Bank through its merger. See Exhibit A.

18.     On or about January 2, 2003, OIA LLC through its managing Member Stephen W. White, duly made, executed, and delivered to Provident Bank of Maryland a First Preferred Ship's Mortgage/Security agreement and Marine Promissory Note on the Defendant Vessel in the amount of $683,212.37 as security for payment of a loan made to the Owner of the vessel.  A true and correct copy of the instruments are attached hereto as "Exhibit A" and incorporated herein as though fully set forth.

19.     Said Mortgage was duly recorded with the United States Coast Guard at the National Vessel Documentation Center on January 6, 2003, book 03-24 Page 479 at 8:00 AM.   A copy of the vessel abstract is attached as Exhibit B.

20.     This recorded instrument constitutes a valid maritime lien on the vessel.

21.     Mortgagor OIA LLC has breached the mortgage and failed to comply with the provisions

4

of the Mortgage, by failing to make agreed upon payments of principal and interest, by selling the vessel without satisfying the mortgage, by deleting the vessel from US Registry and allowing the vessel to be sold Foreign, by allowing maritime liens to accrue or remain against the vessel and Mortgagee's security interests, by failing to maintain OIA LLC as an entity, and by failing to give reasonable assurances that payments will be made, each such failure being an event of default thereunder.

22.     On or about March 30, 2012 OIA LLC and Stephen White sold the defendant vessel to Evergreen Marine Ltd., and took the purchase money funds and failed to pay off M&T Bank's mortgage as required under the contracts.

23.     Upon information and belief, Stephen White and OIA LLC perpetrated an alleged fraud when they sold the vessel and allegedly represented that it was free and clear from all encumbrances and liens to defendant buyer Evergreen Investments Ltd., and converted the funds for their own use.

24.     Upon information and belief the funds were used to purchase a new 75-Fleming Vessel name MAKIN WAY which Stephen White has an apparent interest in.

25.     To further perpetrate his alleged fraud, Stephen White continued to make mortgage payments on the mortgage while the vessel was being deleted and re-registered in a foreign Country, the Marshall Islands.

26.     New buyer, Evergreen Investments Ltd. has also claimed it has encumbered the vessel through a form of security agreement which is not a preferred ship's mortgage.

27.     Plaintiff M&T Bank has demanded payment from Mortgagor OIA LLC and Stephen White and they have failed to pay the installments due and owing, have failed to tender the converted purchase funds, and have failed to tender the vessel, although duly demanded.

28.     Plaintiff M&T Bank asserted its self-help rights under its instruments and has repossessed the vessel CHANGE OF LATITUDE.

29.     After repossession, M&T Bank learned of the alleged scheme to defraud, that the vessel was sold without payment of the mortgage and that there may be others with an interest in the vessel, so it is prosecuting this arrest to place all claims of interest before this honorable Court.

30.     As a result of the breach of the mortgage, Plaintiff M&T Bank has been damaged in the amount of $455,123.00 in unpaid principal and late fees, plus 5.75% contracted interest, plus attorneys' fees, custodial costs and costs of litigation.

31.     Plaintiff M&T Bank is entitled to attorneys' fees and costs pursuant to the Preferred Ships' Mortgage and maritime law.

32.     The First Preferred Ship's Mortgage (the "Mortgage") granted a security interest in the whole of the vessel for payment of the $683,212.37 indebtedness to the plaintiff M&T Bank as assignee and holder in due course of the instruments through merger.

33.     Plaintiff M&T Bank is entitled to arrest the vessel and condemn it for Marshall's Sale and to a recovery, of its damages, costs, custodial fees, and attorneys' fees pursuant to the Preferred Ships' Mortgage and general maritime law.

34.     Attorneys' fees, costs, expenses, and disbursements have been, and will be incurred in the prosecution of this action and will be due and owing from the defendants OIA LLC and Steve White in accordance with the Mortgage, promissory note and security agreement and maritime law.

WHEREFORE, the plaintiff M&T Bank prays that Process for the arrest of the M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY, her engines, tackle, boats, appurtenances etc., in due form of law, according to the practices of this Honorable Court in causes of Admiralty and Maritime jurisprudence, may issue against the Vessel her hull, her main engines, boats, gear, appurtenances, main engines, fuel, cargo and apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; that plaintiff have a decree for its damages aforesaid, with interest attorneys' fees and costs; and that the M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY., her engines, tackle, boats, appurtenances etc. be placed in the plaintiff's possession; That process in due form of law may issue enjoining the defendants or any other party from attempting to sell or dispose of the M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY., her engines, tackle, boats, appurtenances etc.

That M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY, her engines, tackle, boats, appurtenances etc. and other vessels owned by Defendants, located within this district be attached to the amount sued for herein, and condemned and sold to pay Plaintiff's claim; and that defendant, M/V CHANGE OF LATITUDE, Ex M/V MAKIN WAY, her engines, tackle, boats, appurtenances etc. be adjudged liable to plaintiff in the amount of $455,123.00 plus pre-judgment and post-judgment interest, attorneys' fees and costs of litigation, and custodial fees and costs, and that the Plaintiff may have such other and further relief as the cause may require.

## COUNT II-- *IN PERSONAM* CLAIM VS OIA LLC BREACH OF CONTRACT

Plaintiff re-alleges and reaffirms paragraphs 1-16 and would further allege:

35.    This is an action for breach of contract and foreclosure of a Promissory Note Security Agreement and Preferred Ship's Mortgage (Exhibit A) in favor of Mortgagee Provident Bank of

Maryland which indebtedness is now held by M&T Bank through its merger. See Exhibit A.

36.     On or about January 2, 2003, OIA LLC through its managing Member Stephen W. White, duly made, executed, and delivered to Provident Bank of Maryland a First Preferred Ship's Mortgage/Security agreement and Marine Promissory Note on the Defendant Vessel in the amount of $683,212.37 as security for payment of a loan made to the Owner of the vessel.   A true and correct copy of the instruments are attached hereto as "Exhibit A" and incorporated herein as though fully set forth.

37.     Said Mortgage was duly recorded with the United States Coast Guard at the National Vessel Documentation Center on January 6, 2003, book 03-24 Page 479 at 8:00 AM.   A copy of the vessel abstract is attached as Exhibit B.

38.     This recorded instrument constitutes a valid maritime lien on the vessel.

39.      Mortgagor OIA LLC has breached the mortgage and failed to comply with the provisions of the Mortgage, by failing to make agreed upon payments of principal and interest, by selling the vessel without satisfying the mortgage, by deleting the vessel from US registry and allowing the vessel to be sold Foreign, by allowing maritime liens to accrue or remain against the vessel and Mortgagee's security interests, by failing to maintain OIA LLC as an entity, and by failing to give reasonable assurances that payments will be made, each such failure being an event of default thereunder.

40.     On or about March 30, 2012 OIA LLC and Stephen White sold the defendant vessel to Evergreen Marine Ltd., and took the purchase money funds and failed to pay off M&T Bank's mortgage as required under the contracts.

41.     Upon information and belief, Stephen White and OIA LLC perpetrated a fraud when they sold the vessel and represented that it was free and clear from all encumbrances and liens to

8

potential claimant Evergreen Investments Ltd., and converted the funds for their own use.

42.     Upon information and belief the funds were used to purchase a 75-Fleming Vessel which Stephen White has an apparent interest in.

43.     To further perpetrate his alleged fraud, Stephen White continued to make mortgage payments on the mortgage while the vessel was being deleted and re-registered in a foreign Country, the Marshall Islands.

44.     New buyer, Evergreen Investments Ltd. has also claimed it has encumbered the vessel through a form of security agreement which is subordinate to the preferred ship's mortgage.

45.     Plaintiff M&T Bank has demanded payment from Mortgagor OIA LLC and Stephen White which have failed to pay the installments due and owing, failed to tender the sale proceeds, and has failed to tender the vessel, although duly demanded.

46.     Plaintiff M&T Bank asserted its self-help rights under its instruments and has repossessed the vessel.

47.     After repossession M&T Bank learned of the scheme to defraud, that the vessel was sold without payment of the mortgage and that there may be others with an interest in the vessel so it is prosecuting this arrest to place all claims of interest before this honorable Court.

48.     Plaintiff M&T Bank has performed all of its obligations under the various agreements set forth herein, including all conditions precedent.

49.     As a result of the breach of the mortgage, Plaintiff M&T Bank has been damaged in the amount of $455,123.00 in unpaid principal and late fees, plus 5.75% contracted interest, plus attorneys' fees, custodial costs and costs of litigation.

50.     Plaintiff M&T Bank is entitled to attorneys' fees and costs pursuant to the Preferred Ships' Mortgage and maritime law.

51.   The First Preferred Ship's Mortgage (the "Mortgage") granted a security interest in the whole of the vessel for payment of the $683,212.37 indebtedness to the plaintiff M&T Bank as assignee and holder in due course of the instruments through merger.

52.   Plaintiff M&T Bank is entitled to damages *in personam* against OIA LLC for its damages.

53.   Attorneys' fees, costs, expenses, and disbursements have been, and will be incurred in the prosecution of this action and will be due and owing from the defendant in accordance with the Mortgage and maritime law.

WHEREFORE, having demonstrated breach of the mortgage instruments, Plaintiff M&T Bank hereby prays for judgment against OIA LLC in the amount of $455,123.00 in unpaid principal and late fees, plus 5.75% contracted interest, plus attorneys' fees, custodial costs and costs of litigation, and such other and further relief as the justice of the cause may require.

## COUNT III-- IN PERSONAM CLAIM VS STEPHEN F. WHITE FOR FRAUD

Plaintiff re-alleges and reaffirms paragraphs 1-16 and would further allege:

54.   This is an action for common law fraud against defendant Stephen F White.

55.   Plaintiff alleges that OIA LLC is the alter ego of Stephen F. White and this disregarded entity appears to have been dissolved in Rhode Island.

56.   Plaintiff alleges that under maritime law it can piece the corporate veil of OIA LLC because defendant Stephen White has used the corporate entity to perpetrate a fraud and has so dominated and disregarded the corporate entity's form that the entity primarily transacted personal business rather than its own corporate business.

57.     Upon information and belief OIA LLC may have been dissolved and does not appear to be registered in Rhode Island, Massachusetts, or Florida yet defendant White continued to hold out the company as being in business.

58.      On or about January 2, 2003, OIA LLC through its managing Member Stephen W. White, duly made, executed, and delivered to Provident Bank of Maryland a First Preferred Ship's Mortgage/Security agreement and Marine Promissory Note on the Defendant Vessel in the amount of $683,212.37 as security for payment of a loan made to the Owner of the vessel.   A true and correct copy of the instruments are attached hereto as "Exhibit A" and incorporated herein as though fully set forth.

59.     Said Mortgage was duly recorded with the United States Coast Guard at the National Vessel Documentation Center on January 6, 2003, book 03-24 Page 479 at 8:00 AM.   A copy of the vessel abstract is attached as Exhibit B.

60.     Mortgagor OIA LLC has breached the mortgage and failed to comply with the provisions of the Mortgage, by failing to make agreed upon payments of principal and interest, by selling the vessel without satisfying the mortgage, by deleting the vessel from the US Registry and allowing the vessel to be sold foreign, by allowing maritime liens to accrue or remain against the vessel and Mortgagee's security interests, by failing to maintain OIA LLC as an entity and failing to update contact information, and by failing to give reasonable assurances that payments will be made, each such failure being an event of default thereunder.

61.     On or about March 30, 2012 OIA LLC and Stephen White sold the defendant vessel to Evergreen Marine Ltd., and took the purchase money funds for their own use and failed to pay off M&T Bank's mortgage as required under the contracts. See Exhibit A & B.

62.     Upon information and believe the purchase money paid by Evergreen Investments Ltd. were allegedly converted by Stephen F. White.

63.     Upon information and belief, Stephen White and OIA LLC perpetrated a fraud when they sold the vessel and allegedly represented that it was free and clear from all encumbrances and liens to potential claimant Evergreen Investments Ltd., and converted the funds for their own use.

64.     Upon information and belief the funds were used to purchase a new 75-Fleming Vessel which Stephen White has an interest in through the entity known as SWJD LLC.

65.     To further perpetrate his alleged fraud, Stephen White continued to make mortgage payments on the mortgage while the vessel was being deleted and re-registered in a foreign Country, the Marshall Islands.

66.     Upon information and belief OIA LLC is no longer a valid entity having been dissolved.

67.     New buyer, Evergreen Investments Ltd. has also claimed it has encumbered the vessel through a form of security agreement which is not believed to be recorded on the vessel and is subordinate to the preferred ship's mortgage.

68.     Plaintiff M&T Bank has demanded payment from Mortgagor OIA LLC and Stephen White which have failed to pay the installments due and owing and has failed to tender the vessel, although duly demanded.

69.     Plaintiff M&T Bank asserted its self-help rights under its instruments and has repossessed the vessel but the vessel was stolen.

70.     After repossession, M&T Bank learned of the alleged scheme to defraud, that the vessel was sold without payment of the mortgage and that there may be others with an interest in the vessel so it is prosecuting this arrest to place all claims of interest before this honorable Court.

71.    Plaintiff M&T Bank has performed all of its obligations under the various agreements set forth herein, including all conditions precedent.

72.    Upon information and belief, defendant Stephen F. White and OIA LLC knew the vessel was encumbered with the Provident Bank/ M&T Mortgage and misrepresented to buyer that the vessel was free and clear of all encumbrances. See USCG Bill of Sale, Exhibit C and Warranty of Title, Exhibit D.

73.    Steven White allegedly committed perjury by swearing under oath on two occasions that the vessel was free and clear of all liens and encumbrances when he knew in fact there was an outstanding mortgage on the vessel.

74.    Steven White knew that there was a mortgage on the vessel because he had continued to pay the mortgage.

75.    Upon information and belief, defendant Stephen F. White utilized a temporary glitch in the USCG NVDC Recording office which temporarily did not include the Provident Bank mortgage on the vessel abstract to assist in his fraud.

76.     The USCG has since corrected the abstract and withdrawn the deletion from the US Registry. See Abstract, Exhibit B.

77.    As a result of the fraud, Plaintiff M&T Bank has been damaged in the amount of $455,123.00 in unpaid principal and late fees, plus 5.75% contracted interest, plus attorneys' fees, custodial costs and costs of litigation.

78.    Plaintiff M&T Bank is entitled to attorneys' fees and costs pursuant to the Preferred Ships' Mortgage and common law for fraud.

WHEREFORE, having demonstrated an alleged fraud on the part of Stephen White, Plaintiff M&T Bank hereby prays for judgment against Stephen White in the amount of $455,123.00 in unpaid

principal and late fees, plus 5.75% contracted interest, plus attorneys' fees, custodial costs and costs

of litigation and such other and further relief as the justice of the cause may require.

### COUNT IV-- IN PERSONAM CLAIM VS. OIA LLC AND STEPHEN F. WHITE FOR CONVERSION OF FUNDS

Plaintiff re-alleges and reaffirms paragraphs 1-16 and would further allege:

79.   This is an action for conversion against defendants OIA LLC and Stephen F White.

80.   Plaintiff alleges that OIA LLC is the alter ego of Stephen F White.

81.   Plaintiff alleges that under maritime law it can piece the corporate veil of OIA LLC because defendant Stephen White has used the corporate entity to perpetrate a fraud and has so dominated and disregarded the corporate entity's form that the entity primarily transacted personal business rather than its own corporate business.

82.   On or about January 2, 2003, OIA LLC through its managing Member Stephen W. White, duly made, executed, and delivered to Provident Bank of Maryland a First Preferred Ship's Mortgage/Security agreement and Marine Promissory Note on the Defendant Vessel in the amount of $683,212.37 as security for payment of a loan made to the Owner of the vessel.   A true and correct copy of the instruments are attached hereto as "Exhibit A" and incorporated herein as though fully set forth.

83.   Said Mortgage was duly recorded with the United States Coast Guard at the National Vessel Documentation Center on January 6, 2003, book 03-24 Page 479 at 8:00 AM.   A copy of the vessel abstract is attached as Exhibit B.

84.   Mortgagor OIA LLC has breached the mortgage and failed to comply with the provisions of the Mortgage, by failing to make agreed upon payments of principal and interest, by selling the vessel without satisfying the mortgage, by deleting the vessel from US registry and allowing the

14

vessel to be sold Foreign, by allowing maritime liens to accrue or remain against the vessel and Mortgagee's security interests, by failing to maintain OIA LLC as an entity and failing to update contact information, and by failing to give reasonable assurances that payments will be made, each such failure being an event of default thereunder.

85.     On or about March 30, 2012 OIA LLC and Stephen White sold the defendant vessel to Evergreen Marine Ltd., and took the purchase money funds and failed to pay off M&T Bank's mortgage as required under the contracts. See Exhibit A & B.

86.     Upon information and believe the purchase money paid by Evergreen Investments Ltd. were converted by Stephen F. White and/or OIA LLC and defendants have interfered with M&T Bank's lawful right to the property. See Exhibit E wire transfer of purchase funds to new entity; SWJD LLC, in which Steven White is a member.

87.     The Security Agreement grants a security interest in "...proceeds of sale or lease of the vessel". Exhibit A.

88.     Plaintiff owns a security interest and has the right to possess the personal property in question at the time of the interference;

89.     Defendants Stephen F. White and OIA LLC intentionally interfered with the plaintiff's property which was the security interest in the vessel and the vessel proceeds.

90.     The interference deprived the plaintiff of possession or use of the vessel and purchase funds.

91.     The interference caused damages to the plaintiff.

92.     Defendants Stephen F White and OIA LLC intended to permanently deprive M&T Bank of its loan and sale proceeds.

93.     Upon information and belief, Stephen White and OIA LLC allegedly perpetrated a fraud

when they sold the vessel and allegedly represented that it was free and clear from all encumbrances and liens to potential claimant Evergreen Investments Ltd., and converted the funds for their own use. See Exhibits C and D.

94.     Defendant Steven White certified and swore to the warranty of title both as a member of OIA LLC and individually. See Exhibits C and D.

95.     Upon information and belief the converted funds were used to purchase a new 75-Fleming Vessel which Stephen White has an interest in through the entity known as SWJD LLC.   See Wire transfer information attached as Exhibit E.

96.     Demand has been made to OIA and Steven White to return the money but to date they have refused.

97.     Thus the funds received from the sale have been converted and are the property of the Bank and as a result of the conversion, the bank has been damaged in the amount of $455,123.00 in unpaid principal and late fees, plus 5.75% contracted interest, plus attorneys' fees, custodial costs and costs of litigation.


WHEREFORE, having demonstrated conversion of sale proceeds, Plaintiff M&T Bank hereby prays for judgment against OIA LLC and Stephen F. White jointly and severally in the amount of $455,123.00 in unpaid principal and late fees, plus 5.75% contracted interest, plus attorneys' fees, custodial costs and costs of litigation and such other and further relief as the justice of the cause may require.

## COUNT V—CIVIL CONSPIRACY VS DEFENDANTS EVERGREEN MARINE
## LTD, GORDON & COLENE GUDEIT

Plaintiff re-alleges and reaffirms paragraphs 1-16 and would further allege:

98.     This is an action for Civil Conspiracy against defendants EVERGREEN MARINE

LTD, GORDON & COLENE GUDEIT pursuant to Florida Law.

99.      On or about March 30, 2015 Plaintiff M&T through its duly licensed repossession

agent found and located the vessel MAKIN WAY, now named CHANGE OF LATITUDE and

repossessed it for failure of debtor OIA LLC to pay the mortgage.

100.    Defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT were

given notice of the repossession and were given the opportunity to post a bond or security for

the release of the vessel.

101.    Defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT also

had the lawful option of posting a bond with the Broward County Sherriff or filing an action

for replevin or other lawful process.

102.    Plaintiff informed defendant EVERGREEN MARINE LTD, GORDON &

COLENE GUDEIT's counsel that they were willing to work with them.

103.    Plaintiff informed defendants EVERGREEN MARINE LTD, GORDON &

COLENE GUDEIT that it would need to arrest the vessel to get all interested parties before

the Court.

104.    A copy of the draft arrest complaint was provided to defendants EVERGREEN

MARINE LTD, GORDON & COLENE GUDEIT and prior to filing the action, these

defendants set into play the plan and conspiracy to retake the vessel by force and to deprive

M&T Bank of its secured asset.

17

105.     The vessel was in the lawful custody of Lab Marine in Harbortown Marina and on or about Sunday July 12, 2015 three persons believed to be associated with or directed by defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT broke into the vessel, altered the fuel system, cut locks and otherwise breached the peace, trespassed and retook the vessel.

106.     Upon information and belief, the repossession was done without the use of a properly licensed repossession agent and was contrary to Florida law including Florida Statute 493 which required Class "E" or Class "EE" licensees to handle the repossession and which in violation of Florida Statute 493.6401(4) which states "Any individual who performs the services of a recovery agent must have a Class "E" license."

107.     No notice of the self-help repossession was provided to local police or the marina/landlord.

108.     No notice was provided to the lien holder M&T Bank post repossession.

109.     Defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT allegedly wrongfully repossessed the vessel via self-help and allegedly breached the peace, trespassed, illegally entered private property and failed to follow Florida law pre and post repossession.

110.     The concerted acts of defendants and their agents constitute civil conspiracy pursuant to Florida and Federal law.

111.     Civil conspiracy under Florida law requires a showing that two or more persons have taken concerted action to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means.

112.     The unlawful purpose here was to retake the vessel without proper procedure,

process and by breaching the peace and trespass.

113.     Even if defendants EVERGREEN MARINE LTD, GORDON & COLENE
GUDEIT had a lawful right to possession of the vessel, they utilized unlawful means to gain
possession and acted in concert with others to do so when suitable civil remedies for
repossession were available such as a Rule D Petitory Action, posting of security or bond or
actions of replevin in state or federal court.

114.     Defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT have
admitted to having current possession or control of the vessel and have failed to return the
vessel to M&T Bank.

115.     As a result of this civil conspiracy, M&T Bank has been damaged including loss of
their secured asset, additional attorney's fees and costs for investigation and recovery of the
vessel, loss of value due to the damages to the vessel caused by the unlawful taking of the
vessel and other damages that may be proven.

WHEREFORE, having demonstrated civil conspiracy, Plaintiff M&T Bank hereby prays for
judgment against EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT jointly and
severally in the amount of $455,123.00 in unpaid principal and late fees, plus 5.75% contracted
interest, plus attorneys' fees, custodial costs and costs of litigation and such other and further relief
as the justice of the cause may require.

### COUNT VI—REPLEVIN OF VESSEL CHANGE OF LATITUDE VS DEFENDANTS EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT

Plaintiff re-alleges and reaffirms paragraphs 1-13 and would further allege:

116.     This is an action for Replevin against defendants EVERGREEN MARINE LTD,
GORDON & COLENE GUDEIT pursuant to Florida Law Florida Statute 78.055 and federal

common law for return of the M/Y CHANGE OF LATITUDE, ex MAKIN WAY, Marshall Islands Registry No 70843.

117.     On or about March 30, 2015 M&T through its duly licensed repossession agent, found and located the vessel "MAKIN WAY", now named "CHANGE OF LATITUDE" and repossessed it for failure of debtor OIA LLC to pay the mortgage.

118.     Defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT were given notice of the repossession and were given the opportunity to post a bond or security for the release of the vessel.

119.     Plaintiff M&T Bank was in lawful possession of its secured asset pursuant to a lawful repossession.

120.     Defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT also had the lawful option of posting a bond with the Broward County Sherriff or filing an action for replevin or other lawful process, but failed to do so.

121.     The vessel was in the custody of M&T BANK and its agent, Lab Marine and on or about Sunday July 12, 2015 three persons believed to be associated with or directed by defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT broke into the vessel, altered the fuel system, cut locks and otherwise breached the peace, trespassed and retook the vessel.

122.     Upon information and belief the repossession was done without the use of a properly licensed repossession agent contrary to Florida law including lack of a Florida Statute Class "E" or Class "EE" licensee.

123.     No notice of the self-help repossession was provided to local police or the marina/landlord.

124.    Defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT allegedly wrongfully repossessed the vessel via self-help and allegedly breached the peace, illegally entered private property, caused damages and trespass, and failed to follow Florida law pre and post repossession.

125.    Demand was made to return the vessel to M&T Bank and defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT and as of the date of this filing, these defendants have refused to return the vessel.

126.    Defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT have admitted to having current possession or control of the vessel of the vessel.

127.    As a result of the wrongful acts of defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT, M&T Bank has been deprived of its lawful possession of a secured asset in the vessel and have been damaged including loss of their secured asset, additional attorney's fees and costs for investigation and recovery of the vessel, loss of value due to the damages to the vessel caused by the unlawful taking of the vessel and other damages that may be proven.

WHEREFORE having demonstrated a right to replevin of the vessel CHANGE OF LATITUDE, M&T Bank prays for entry of a writ of replevin directing defendants EVERGREEN MARINE LTD, GORDON & COLENE GUDEIT to return the vessel to M&T Bank and this District prejudgment and for its attorney's fees and costs and for all other relief that is proper and just.

Respectfully submitted this 20th day of July 2015.

Matthew J. Valcourt
Fla. Bar No. 0088791
Valcourt and Associates LLC
850 N.E. Third Street
Suite 208
Dania, FL 33004
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
Email: mvalcourt@valcourtlaw.com
Attorneys for Plaintiff M&T BANK

## VERIFICATION & DECLARATION UNDER OATH

STATE OF FLORIDA

COUNTY OF BROWARD

The undersigned swears and affirms under the pains and penalties of perjury pursuant to Florida and Federal Law that the undersigned has have read the foregoing Verified Complaint filed in this case and are familiar with its contents, which are true to the best of M&T Bank's knowledge, information, and belief. The sources of the information and grounds for their belief are documents attached as exhibits, records of the plaintiff, USCG records, and correspondences and conversations with the plaintiff and defendants concerning the circumstances and facts set forth in the Verified Complaint. The undersigned states that he is authorized to make this representation on behalf of the plaintiff, M&T Bank as they are not presently within the District.

Matthew J. Valcourt
As attorney-in-fact for M&T Bank

Date: 7/20/15

22